IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATHAN MARK BLAYLOCK, | CV 15-00039-BLG-SPW-CSO |
| Plaintiff, | |
| vs. | ORDER |
| BRANDON C. HARTFORD, GREAT NORTHWEST INSURANCE COMPANY, TERRY SCHEAR, and GAB, ROBBIN INSURANCE, | |
| Defendants. | |

Pro se Plaintiff Nathan Blaylock filed an application to proceed in district court without prepaying fees or costs (*ECF 1*) and a proposed Complaint (*ECF 2*). The application to proceed without prepaying fees or costs is sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). This Court, however, lacks subject matter jurisdiction over Blaylock's claims and therefore, this matter should be dismissed.

1

I.   **STATEMENT OF CASE**

   A.  **Parties**

   Blaylock is a citizen of Montana residing in Laurel, Montana. The named Defendants are: Brendon C. Hartford, a citizen of Montana and an attorney in Billings, Montana; Great Northwest Insurance in St. Paul, Minnesota; Terry Schear, a citizen of Montana and an insurance adjuster at GAB, Robbin Insurance; and the property owner of Laurel Gardens, Laurel Montana. *Complaint (ECF 2) at 1, 5*.

   B. **Allegations**

   Blaylock alleges he was injured in a slip and fall at Laurel Gardens in Laurel, Montana on February 6, 2011. He retained Brendon Hartford to represent him in his slip and fall case against Laurel Gardens. Blaylock alleges Hartford did not protect his rights against Great Northwest Insurance. He alleges Hartford lied and said he would file his case but he did not. He fired Hartford in 2014 and the insurance adjuster "run out the door after he talked" to Hartford. *Complaint (ECF 2) at 5-6*.

   Blaylock is suing Hartford and Terry Schear for not taking action

to get him his medication and not paying his medical bills. He states he is suing Hartford and the insurance company for medical bills, pain and suffering and stress. He alleges the insurance company was sold in 2011 and he was not notified. *Complaint (ECF 2) at 7*.

## II. <u>**INITIAL SCREENING OF THE COMPLAINT**</u>

### A. Standard

Because Blaylock is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may

4

adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006)(internal citations and quotations omitted). A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).

Blaylock left blank the jurisdiction section on the complaint form (*Complaint (ECF 2) at 4*) and there is no other readily identifiable basis for subject matter jurisdiction. Liberally construed, the Complaint alleges negligence and legal malpractice which are state law causes of action. Blaylock has not plead a federal cause of action.

In addition, there is not complete diversity of citizenship. Complete diversity of citizenship requires each plaintiff to be a citizen of a different state from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S.

61, 68 (1996). Blaylock and Defendants Hartford and Schear are all citizens of Montana. *Complaint (ECF 2) at 5.* As such, there is not complete diversity of citizenship. This Court lacks subject matter jurisdiction.

Accordingly, the Court issues the following:

**ORDER**

1. Blaylock's Motion for Leave to Proceed in forma pauperis (*ECF 1*) is granted.

2. The Clerk must edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED" and the Complaint is deemed filed on May 4, 2015.

3. At all times during the pendency of this action, Blaylock must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

**RECOMMENDATIONS**

1. Blaylock's Complaint (*ECF 2*) should be dismissed for lack of subject matter jurisdiction.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Blaylock may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of May, 2015.

                                         */s/ Carolyn S. Ostby*
                                         United States Magistrate Judge