UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

JUN 1 2 2015

Clerk, U.S. District Court
District Of Montana
Billings

CV-15-39-BLG-SPW

NATHAN MARK BLAYLOCK,

        Plaintiff,

vs.

BRANDON C. HARTFORD,
GREAT NORTHWEST
INSURANCE CO., TERRY
SCHEAR, and GAB, ROBBIN
INSURANCE,

        Defendants.

OPINION AND ORDER

    Nathan Blaylock filed his Complaint on May 4, 2015. (Doc. 2). United

States Magistrate Judge Carolyn Ostby entered Findings and Recommendations on

May 22, 2015, in which she recommended that this Court dismiss Blaylock's

Complaint for lack of complete diversity and subject matter jurisdiction. (Doc. 5).

    Pursuant to 28 U.S.C. § 636(b)(1), Blaylock had 14 days to file written

objections after Judge Ostby's Findings and Recommendations were filed.

Blaylock filed a supplement to his Complaint on June 1, 2015. (Doc. 6). This

Court construes the supplement as Blaylock's objection and thus, Blaylock is

1

entitled to a de novo review of the Findings and Recommendations to which he objects. 28 U.S.C. § 636(b)(1). After de novo review, this Court adopts Judge Ostby's Findings and Recommendations and dismisses the Complaint.

## I.     Discussion

This Court is required to review de novo the portions of the Findings and Recommendations to which Blaylock objects. 28 U.S.C. § 636(b)(1)(B). By resubmitting the documents supporting his claim, this Court construes Blaylock's objection as arguing that Judge Ostby erred in determining that he failed to sufficiently plead subject matter jurisdiction. (Doc. 6).

Of course, federal courts have jurisdiction where diversity between the parties exists and the amount in controversy exceeds $75,000 or where a federal question has been raised. 28 U.S.C. § 1332. As Judge Ostby pointed out, however, Blaylock failed to complete the jurisdiction section on his complaint form. (Doc. 2 at 4).

After reviewing Blaylock's complaint and supplement, no basis for federal subject matter jurisdiction exists. (Docs. 2 and 6). As Judge Ostby noted, Blaylock's complaint alleges negligence and legal malpractice which are state law causes of action. In order for a state law claim to provide a basis for federal jurisdiction, however, the state claim must "turn on substantial questions of federal law," and "really and substantially involv[e] a dispute or controversy respecting

2

the validity, construction or effect of [federal] law." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). Here, Blaylock has not identified a "substantial question [ ] of federal law" upon which his negligence and malpractice claims would turn. Therefore, this court has no jurisdiction over his claims.

Also, Blaylock's supplement proves that he and at least two defendants (Hartford and Schear) are citizens of Montana. (Doc. 2 at 5; Doc. 6 at 1, 8). So, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because Blaylock has not adequately pled a federal cause of action, his case must be dismissed.

## II.    Conclusion

The Court finds no clear error. For the reasons given in the Findings and Recommendations, Blaylock's Complaint is DISMISSED for lack of subject matter jurisdiction and the Findings and Recommendations (Doc. 5) are adopted in full.

The Clerk of Court is directed to dismiss this case and close the file.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that the instant Complaint lacks arguable substance in law or fact.

DATED this _13th_ day of June 2015.

_Susan P. Watters_

Susan P. Watters
United States District Court